**Motion for En Banc Reconsideration Denied and Dissenting Opinions on Order filed September 17, 2020.**



In the

## Fourteenth Court of Appeals

---

### NO. 14-17-00732-CV

---

### HARRIS COUNTY, TEXAS AND KEVIN VAILES, Appellants

v.

### BARBARA COATS, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMAIL AMRON, DECEASED; AND ALI AMRON, INDIVIDUALLY AND AS HEIR TO THE ESTATE OF JAMAIL AMRON, DECEASED, Appellees

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-5551**

### DISSENTING OPINION FROM ORDER DENYING EN BANC RECONSIDERATION

I respectfully dissent.

The en banc court's order purports to rule that the motion for en banc reconsideration is "denied" on a 4–4 vote. The en banc order both misstates Texas

Rule of Appellate Procedure 49.7 and mischaracterizes the vote of the court.

There is no statute or rule requiring the court to reveal which judges or how many judges voted on a motion for en banc reconsideration; the court may simply issue an order stating the ruling. Here, the order reveals an evenly divided court, yet it recites a ruling that the motion is denied, conjuring up a nonexistent majority to take that action.

Unlike a motion for rehearing, which requires a ruling that the motion is either granted or denied, the issue on en banc reconsideration is whether a majority of the en banc court, with or without a motion, orders "en banc reconsideration of the panel's decision."[1] *Compare* Tex. R. App. P. 49.3 (motion for rehearing), *with* Tex. R. App. P. 49.7 (en banc reconsideration). There is no tiebreaker rule similar to that for a motion for rehearing: "A motion for rehearing may be granted by a majority of the justices who participated in the decision of the case. *Otherwise, it must be denied.*" Tex. R. App. P. 49.3 (emphasis added) (requiring as matter of law ruling of "denied" unless majority acts to grant).[2] So following the en banc rules, the lack of a majority to order en banc reconsideration results in a ruling that the motion fails.[3]

---

[1] See Texas Rule of Appellate Procedure 41.2 for a similar procedure in which a majority of the en banc court can "vote" to hear or rehear the case en banc before the court's panel decision is released to the public.

[2] Rule 49.3 requires as a matter of law a ruling of "denied" on motions for rehearing when two or three justices on a panel who "participated in the decision of the case" leave the court. Were that to occur in a court of appeals with more than three justices, the appellate rules allow the filing of a motion for en banc reconsideration and a ruling on that motion.

[3] En banc reconsideration is mentioned in other appellate rules. Rule 19.1(b) states a court of appeals' plenary power over its judgment expires 30 days after the court "overrules" all timely filed motions for rehearing or en banc reconsideration and all timely filed motions to extend time to file such a motion. Tex. R. App. P. 19.1(b) (using former 1986 Texas Rules of Appellate Procedure preference for "overrule" versus 1997 preference for "deny"). Rule 53.7(a)(2) sets a deadline to file a petition for review with the clerk of the supreme court within 45 days after the date of the court of appeals' last "ruling" on all timely filed motions for rehearing or en banc reconsideration. Tex. R. App. P. 53.7(a)(2); *see* Tex. R. App. P. 68.2(a) (similar rule for deadline to file petition for discretionary review in court of criminal appeals). Rule 49.11 requires a party

*See Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996) (discussing former 1986 Texas Rule of Appellate Procedure 79(d)).

Here there is no majority to grant the motion for en banc reconsideration. In fact, there is no "majority" taking *any* action. But you would not know that from reading the court's order.

With one justice not participating in this case, a majority of the remaining eight justices is five.[4] There were neither five or more votes to grant the motion nor to deny the motion. Following the en banc rule, the court's ruling must be the motion fails because a majority of the court did not vote to grant en banc reconsideration.

To the extent that the court's docket management system only recognizes a

---

filing a petition for review in the supreme court to notify the clerk of the supreme court when the last timely filed motion for rehearing or motion for en banc reconsideration is "overruled" by the court of appeals. Tex. R. App. P. 49.11. Nothing in Rules 19.1(b), 49.11, 53.7(a)(2), and 68.2(a) requires as a matter of law the "denial" of a motion for en banc reconsideration when the ruling is the motion failed because a majority of the court did not order en banc reconsideration. If the supreme court and court of criminal appeals deem it necessary to revise the appellate rules to require an active ruling ("the *court* denies"), as opposed to a passive ruling ("the motion fails"), then the two high courts can do that. *See Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 644 (Tex. 1989) (Ray, J., concurring, joined by Mauzy & Hecht, JJ.) (changes to rules cannot be formulated in caselaw, but any problems with rules should be studied and addressed by revising Texas Rules of Appellate Procedure).

[4] It is a fundamental concept in our state government that when the authority to take action is vested in more than two people, a majority is needed to act unless otherwise set by law. *See* Code Construction Act, Tex. Gov't Code Ann. §§ 311.013(a) ("A grant of authority to three or more persons as a public body confers the authority on a majority of the number of members fixed by statute."); 311.002(4) (Code Construction Act applies to "each rule adopted under a code"); 22.004(a) (granting supreme court full rulemaking power in practice and procedure in civil actions); 22.108(a) (granting court of criminal appeals rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases). If the court is "convened en banc," the Government Code specifically states, "a majority of the membership of the court constitutes a quorum and the concurrence of a majority of the court sitting en banc is necessary for a decision." *Id.* § 22.223(b); *see* Tex. R. App. P. 41.1(a) (constitution of panel), 41.2(a) (constitution of en banc court). As the court has not voted to convene en banc, section 22.223(b) does not apply; instead, Texas Rules of Appellate Procedure 41.2(c) and 49.7 govern whether to convene en banc to hear, rehear, or reconsider a case.

binary "grant" or "deny" entry, the order should nonetheless accurately reflect the ruling that the motion failed because a majority of the court did not order en banc reconsideration.[5] And if a majority actually voted to deny, then an order with the ruling that the motion was "denied" would not be factually incorrect. However, it is incorrect for the court to say it has ruled to deny a motion when the court is evenly divided.

A per curiam order could have issued stating the ruling that the motion failed because a majority of the court did not order en banc reconsideration. Instead, the court's order states a ruling that the motion was "denied." That is like saying the jury found a criminal defendant "innocent" when the verdict was "not guilty."

I do not understand why the court insists on misstating the need for a majority under Rule 49.7 and mischaracterizing the vote. The court's order should accurately reflect the ruling of the court.

I dissent.


/s/    Charles A. Spain
Justice


En banc court consists of Chief Justice Frost and Justices Christopher, Wise, Jewell, Bourliot, Zimmerer, Spain, and Poissant. (Justice Hassan not participating).

Justices Bourliot, Zimmerer, Spain, and Poissant voted to grant en banc reconsideration.

---

[5] A docket entry rarely captures all the complexities of a court order and the procedure on which the court's ruling is based.

Justice Bourliot filed a dissenting opinion in which Justices Zimmerer and Spain joined, and Justice Poissant joined in part on the merits only.

Justice Spain filed a dissenting opinion in which Justices Bourliot, Zimmerer, and Poissant joined.

Justice Poissant filed a dissenting opinion in which Justice Zimmerer joined.

Tex. R. App. P. 47.5.